UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEWIS ROBERSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ROBERT PATTON, )<br>)<br>Respondent.[1] ) | Case No. CIV-14-908-HE |

## REPORT AND RECOMMENDATION

Petitioner Lewis Roberson, an Oklahoma state prisoner appearing pro se, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus on August 25, 2014 (Doc. No. 1, "Petition"), along with exhibits in support (Doc. Nos. 1-1, 1-2). United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). Having reviewed the Petition, the undersigned recommends that it be dismissed.

---

[1] The docket sheet in this matter also identifies the Attorney General of the State of Oklahoma as a Respondent. However, the only proper respondent is Robert Patton, Director of the Oklahoma Department of Corrections, who is the state officer having custody of Petitioner, a state prisoner incarcerated in a privately operated facility. *See* 28 U.S.C. § 2242; R. 1(a)(1), 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). The Court Clerk is therefore directed to terminate the Attorney General of the State of Oklahoma as a party in this matter.

BACKGROUND

*A. State Court Proceedings*

On September 2, 2003, the Juvenile Division of the District Court of Oklahoma County, Oklahoma, certified Petitioner to stand trial as an adult in three juvenile cases (Case Nos. JDL-2002-1150, JDL-2002-1360, and JDL-2002-1680). Pet., Doc. No. 1, at 1, 10-11.[2] The State then filed multiple adult charges against Petitioner in Oklahoma County District Court (Case Nos. CF-2003-5144, CF-2003-5145, and CF-2003-5147), including felony drug and firearms-related offenses. Pet. at 11; *State v. Roberson*, No. CF-2003-5144 (Okla. Cnty. Dist. Ct. filed Sept. 17, 2003); *State v. Roberson*, No. CF-2003-5145 (Okla. Cnty. Dist. Ct. filed Sept. 17, 2003); *State v. Roberson*, No. CF-2003-5147 (Okla. Cnty. Dist. Ct. filed Sept. 17, 2003).[3]

On February 9, 2004, after one charge was dismissed by the State, Petitioner entered pleas of guilty to the charges pending against him in each criminal case. *See* Pet. at 11; *State v. Roberson*, No. CF-2003-5144; *State v. Roberson*, No. CF-2003-5145; *State v. Roberson*, No. CF-2003-5147. On that same day, Petitioner was sentenced to imprisonment for concurrent terms with a portion of the sentences suspended. *See* Pet. at

---

[2] Citations to documents filed in this Court use the page numbers assigned by the Court's electronic filing system. When quoting documents filed by Petitioner, the undersigned has altered the capitalization to improve readability.

[3] Electronic versions of the relevant state district court dockets are publicly available at:
http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2003-5144;
http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2003-5145;
http://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2003-5147.

2

11; *State v. Roberson*, No. CF-2003-5144; *State v. Roberson*, No. CF-2003-5145; *State v. Roberson*, No. CF-2003-5147.

On April 16, 2012, Petitioner filed an application for postconviction relief in Oklahoma County District Court, Case Nos. JDL-2002-1150, JDL-2002-1360, and JDL-2002-1680, seeking a recommendation that Petitioner be permitted to appeal out of time the September 2, 2003 order that certified Petitioner to stand trial as an adult.[4] *See* Pet. at 6, 10, 13; Okla. Stat. tit. 22, ch. 18 app., R. 2.1(E)(1). On May 11, 2012, the district court denied the application. Pet. at 10. On December 21, 2012, Petitioner sought permission from the Oklahoma Court of Criminal Appeals to appeal the district court's May 11, 2012 decision out of time. *See* Pet. at 10 n.1; *Roberson v. Oklahoma*, No. PC-2012-1150 (Okla. Crim. App. filed Dec. 21, 2012).[5] On April 12, 2013, Petitioner's request was granted, and Petitioner filed the out-of-time appeal on April 30, 2013. Pet. at 10 & n.1; *Roberson v. Oklahoma*, No. PC-2012-1150 (Okla. Crim. App.) (docket entry of Apr. 12,

---

[4] Through an "appeal out of time" procedure set forth by the Oklahoma Court of Criminal Appeals, a criminal defendant may pursue an untimely direct or postconviction appeal. *See* Okla. Stat. tit. 22, ch. 18 app., R. 2.1(E)(1). The defendant must "prove he/she was denied an appeal through no fault of his/her own." *Id.* The process begins with the defendant's filing of an "Application for Post-Conviction Relief" "in the trial court where the judgment and sentence on conviction or the final order denying relief was imposed." *Id.* If the trial court recommends an appeal out of time, the defendant must then petition the Oklahoma Court of Criminal Appeals for permission to appeal out of time. *Id.* If the trial court does not recommend an appeal out of time, the defendant may appeal that decision through the "procedures for perfecting a post-conviction appeal." *Id.* (citing Okla. Stat. tit. 22, ch. 18 app., R. 5.1-5.6 (postconviction appellate procedures)).

[5] An electronic version of the docket in Case No. PC-2012-1150 is publicly available at http://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&cmid=111059.

2013); *Roberson v. State*, No. PC-2013-430 (Okla. Crim. App. filed Apr. 30, 2013).[6] On February 21, 2014, the Oklahoma Court of Criminal Appeals affirmed the district court's May 11, 2012 decision. Pet. at 2-3, 10-14 (*Roberson v. State*, No. PC-2013-430 (Okla. Crim. App. Feb. 21, 2014) (order)).

B. Federal Habeas Petition Under 28 U.S.C. § 2254

As noted, Petitioner filed the Petition that is now before the Court on August 25, 2014. Petitioner asserts as his only ground for relief that he "was denied his right to appeal [the] certification order certifying him to stand trial as an adu[]lt" because he was not advised by his attorney or the state trial court of the immediate right to do so. *See* Pet. at 4, 5-6. Petitioner further asserts that due to his lack of information regarding the order's appealability, he could not have knowingly waived his right to appeal such an order. Pet. at 6. Petitioner contends that these circumstances violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution. *See* Pet. at 5. Petitioner adds that he "first learned that he could have appealed the certification order in the [beginning] of 2012 through [a] [penitentiary] inmate [who] was helping [Petitioner] with another case" and that Petitioner then "instantly" sought postconviction relief. Pet. at 6.

Petitioner suggests that his application for postconviction relief was improperly denied by the state district court in the absence of a telephone conference and evidentiary

---

[6] An electronic version of the docket in Case No. PC-2013-430 is publicly available at http://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2013-430.

hearing. *See* Pet. at 6. Petitioner seeks an order from this Court to "reverse and remand to the District Court of Oklahoma County Juvenile Division for an[] evidentiary hearing," while granting Petitioner permission to appeal out of time the September 2, 2003 certification order. *See* Pet. at 7, 10, 13. Petitioner alternatively requests that this Court "reverse the certification order." Pet. at 7.

ANALYSIS

Liberally construed, Petitioner is challenging his underlying conviction based on alleged deficiencies regarding the progression of his state criminal proceedings from juvenile to adult court in 2003. That is, in challenging the adequacy of how Petitioner ultimately found himself charged as an adult, Petitioner seeks to collaterally attack his convictions on those adult charges.[7]

---

[7] To pursue habeas relief under § 2254, a petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (quoting 28 U.S.C. §§ 2241(c)(3), 2254(a)); *see also Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356, 366 (2010). However, if at the time of filing a challenged conviction has fully expired, but the petitioner is serving a sentence consecutive to the challenged conviction, the "in custody" requirement of § 2254 is satisfied. *Garlotte v. Fordice*, 515 U.S. 39, 41, 44, 46 (1995). Petitioner challenges the judgments and sentences in Case Nos. CF-2003-5144, CF-2003-5145, and CF-2003-5147, which expired December 14, 2011. *See Offender Lookup*, Okla. Dep't of Corr., http://docapp065p.doc.state.ok.us/servlet/page?_pageid=394&_dad=portal30&_schema=PORTAL30&doc_num=479454&offender_book_id=280059 (last visited June 1, 2015). Public records reflect that Petitioner has been incarcerated since that date under other judgments and sentences in Oklahoma County District Court (Case Nos. CF-2007-3443 and CF-2007-6844). *See id.* The sentences in Case No. CF-2007-6844 were ordered to run consecutively to Petitioner's sentences in Case Nos. CF-2003-5144, CF-2003-5145, and CF-2003-5147. *See State v. Roberson*, No. CF-2007-6844 (Okla. Cnty. Dist. Ct. filed Nov. 30, 2007). Because the Petition was filed on August 25, 2014, when Petitioner was in custody under a 30-year sentence in Case No. CF-2007-6844, and such sentence

5

A petition filed under 28 U.S.C. § 2254 is subject to dismissal upon filing "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." R. 4, Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). As detailed below, it plainly appears from the Petition and attached exhibits that the Petition was untimely filed. Thus, Petitioner is not entitled to relief in this Court, and the undersigned recommends that the Petition be dismissed accordingly.[8] *See Kilgore v. Attorney Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008) (permitting sua sponte dismissal of petition when untimeliness is "clear from the face of the petition itself"); *see also Day*, 547 U.S. at 209-10.[9]

---

was consecutive to the convictions challenged in the Petition, *see Offender Lookup*, Okla. Dep't of Corr., *supra*, Petitioner satisfies § 2254's "in custody" requirement. *See Garlotte*, 515 U.S. at 46.

[8] "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Petitioner's arguments regarding the timeliness of his Petition are discussed below. Petitioner is given notice by this Report and Recommendation of his additional opportunity to present his position by filing an objection to the Report and Recommendation.

[9] Further, when sua sponte addressing the timeliness of a § 2254 petition, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits" of the petition. *Day*, 547 U.S. at 210 (internal quotation marks omitted); *see also Thomas v. Ulibarri*, 214 F. App'x 860, 861 n.1 (10th Cir. 2007). The undersigned finds that these considerations do not counsel against the Court considering whether the Petition is time-barred and dismissing it on that basis.

### A. *Limitation Period Under 28 U.S.C. § 2244(d)(1)*

A one-year period of limitation applies to any "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2244(d)(1). This limitation period runs from the latest among four possible dates, only two of which are potentially applicable to the Petition. *See id.*

1. 28 U.S.C. § 2244(d)(1)(A)

Most commonly, the one-year limitation period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See id.* § 2244(d)(1)(A); *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001). Under Oklahoma law, a criminal defendant's right to appeal a judgment after a guilty plea is limited. *See* Okla. Stat. tit. 22, § 1051(a); *Burnham v. State*, 43 P.3d 387, 389 (Okla. Crim. App. 2002). "First, . . . the defendant must file an application in the trial court to withdraw his plea within ten days of the judgment and sentence, with a request for an evidentiary hearing." *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (citing Okla. Stat. tit. 22, ch. 18 app., R. 4.2(A)). "If the trial court denies the motion to withdraw, the defendant may then appeal by way of a petition for writ of certiorari" to the Oklahoma Court of Criminal Appeals. *Id.* (citing Okla. Stat. tit. 22, § 1051(a); Okla. Stat. tit. 22, ch. 18 app., R. 4.2(D)). If, however, the criminal defendant fails to file a motion to withdraw his guilty plea within the ten-day period, the defendant's conviction is considered final upon the conclusion of that period. *See Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006).

Petitioner's judgments and sentences were pronounced on February 9, 2004. Petitioner did not apply to withdraw his guilty pleas within the requisite period. *See State v. Roberson*, No. CF-2003-5144; *State v. Roberson*, No. CF-2003-5145; *State v. Roberson*, No. CF-2003-5147. Thus, Petitioner's convictions became final ten days later on February 19, 2004. Petitioner's limitation period to file a federal habeas petition began to run the next day and expired—absent any tolling—one year later on February 21, 2005.[10] *See* 28 U.S.C. § 2244(d)(1)(A); *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (calculating § 2244(d)(1)(A) one-year period based upon method set forth in *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). Thus, the Petition filed on August 25, 2014, over nine years after the expiration of this period, is untimely under § 2244(d)(1)(A), unless sufficient tolling of the deadline applies. *See* 28 U.S.C. § 2244(d)(1)(A); *Clark*, 468 F.3d at 713.

2. 28 U.S.C. § 2244(d)(1)(D)

The limitation period may also run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," if that date is later than the date on which the petitioner's judgment became "final" as defined by § 2244(d)(1)(A). 28 U.S.C. § 2244(d)(1)(D). Petitioner's statement that he "instantly" sought state postconviction relief when he "first learned that he could

---

[10] The final day of the one-year period was Sunday, February 20, 2005. In accordance with Federal Rules of Civil Procedure 6(a)(3)(A) and 81(a)(4), the limitation period expired the following Monday, February 21, 2005.

have appealed the certification order in the [beginning] of 2012" through another inmate, Pet. at 6, indicates that Petitioner is arguing for application of this limitation period.

During the September 2, 2003 certification proceeding in juvenile court, the judge specifically cited the state statutory provision upon which the proceeding was based: Title 10, Section 7303-4.3 of the Oklahoma Statutes (2001). *See* Pet. Ex. 1, Doc. No. 1-1, at 9; *see also id.* at 4 (reflecting that Petitioner was present with counsel at proceeding), 9-12 (announcing court's factual findings as to factors listed in Section 7303-4.3(B)). As the Oklahoma Court of Criminal Appeals noted in its February 21, 2014 order, the relevant statutes expressly stated that a certification order was "'appealable when entered.'" Pet. at 12 (quoting Okla. Stat. tit. 10, §§ 7303-4.3(F), 7303-6.2(A) (2001)). Thus, Petitioner's suggestion that necessary information could not have been discovered until his 2012 conversation with a fellow inmate, *see* Pet. at 6, is simply inadequate. The factual predicate for any claim arising from Petitioner allegedly being uninformed regarding his statutory eligibility to immediately appeal the September 2003 certification order could have been discovered with due diligence before Petitioner's February 2004 guilty plea, or shortly after, and therefore before Petitioner's judgment became final. Thus, § 2244(d)(1)(D) is inapplicable.

B. *Tolling of the Limitation Period*

1. <u>Statutory Tolling</u>

The federal habeas limitation period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, only such an

application "filed within the one year allowed by [§ 2244(d)(1)] will toll the statute of limitations." *Clark*, 468 F.3d at 714. Applying the § 2244(d)(1)(A) limitation period, Petitioner is not entitled to statutory tolling because Petitioner did not seek any state postconviction relief or other collateral review before the deadline of February 21, 2005. *See* Pet. at 6, 10, 13; *Clark*, 468 F.3d at 714.

2. Equitable Tolling

Equitable tolling of the statutory deadline applies "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks omitted); *see also Holland v. Florida*, 560 U.S. 631, 634, 645 (2010) (recognizing applicability of equitable tolling to 28 U.S.C. § 2244(d) "in appropriate cases"). The petitioner generally bears the burden of establishing the applicability of equitable tolling by establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotation marks omitted); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances appropriate for equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson*, 232 F.3d at 808.

Even assuming Petitioner has been diligently pursuing his federal claims, Petitioner presents no extraordinary circumstance that prevented his timely pursuit of federal habeas corpus relief. Petitioner asserts that, until a 2012 interaction with another prisoner, Petitioner was not aware of state statutory provisions that expressly permitted

an interlocutory appeal of the 2003 certification order. *See* Pet. at 6. A pro se petitioner's ignorance of the law, however, is generally not considered an extraordinary circumstance that warrants equitable tolling. *See Yang v. Archuleta*, 525 F.3d 925, 929-30 (10th Cir. 2008); *Marsh*, 223 F.3d at 1220. Petitioner alleges no facts to establish that his approximately nine-year delay in reviewing pertinent statutory information resulted from an impediment beyond his control. *See Yang*, 525 F.3d at 929-30; *see also Gibson*, 232 F.3d at 808 ("Simple excusable neglect is not sufficient."). Thus, to the extent that any deficiencies related to Petitioner's 2003 certification proceeding could provide the basis for a federal habeas claim, Petitioner has failed to establish that equitable tolling should apply because he has not shown that an uncontrollable circumstance prevented his timely pursuit of such claim before the limitation period expired in February 2005.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition (Doc. No. 1) be dismissed as untimely.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by July 3, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation terminates the referral in the present case. The Court Clerk is directed to serve copies of the Petition and this Report and Recommendation to Respondent and to the Attorney General of the State of Oklahoma through electronic mail sent to fhc.docket@oag.state.ok.us. *See* Section 2254 R. 4.

ENTERED this 12th day of June, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE