**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

LEWIS ROBERSON,           )
                                      )
            Petitioner,      )
vs.                             )        NO. CIV-14-0908-HE
                                      )
ROBERT PATTON,           )
                                      )
            Respondent.     )

## ORDER

Petitioner Lewis Roberson, an Oklahoma state prisoner appearing *pro se,* filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Consistent with 28 U.S.C. §636(b), the matter was referred to Magistrate Judge Charles B. Goodwin for initial proceedings. He has recommended that the petition be dismissed as untimely. Plaintiff has filed an objection to the Report and Recommendation.

Petitioner challenges convictions entered against him on February 9, 2004, in the District Court of Oklahoma County, Oklahoma, pursuant to pleas of guilty. He was sentenced the same day. The only ground for relief he asserts in his petition is that he was denied the right to appeal the order of the juvenile division of the state district court certifying him to stand trial as an adult. Petitioner claims neither the state court judge nor his attorney advised him of his right to appeal the certification order. Once he learned from another inmate in 2012 that could appeal, petitioner alleges he immediately sought post-conviction relief.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner

has one year from the date his conviction becomes final in which to seek federal habeas relief. 28 U.S.C. § 2244(d)(1). Petitioner's convictions became final on February 19, 2004,[1] and the magistrate judge determined that the limitation period to file his federal habeas petition expired one year later on February 21, 2005. *See* 28 U.S.C. § 2244(d)(1)(A). He concluded that petitioner did not benefit from a later accrual date under § 2224(d)(1)(D), which allows the limitation period to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[2] The magistrate judge determined that, with due diligence, petitioner could have discovered that his certification order was appealable either before his February 2004 guilty plea or shortly afterwards, and therefore before (or at least by) the date his judgment became final.

Because petitioner did not seek state post-conviction relief or other collateral review before the one year limitation period had run, the magistrate judge decided the statutory tolling provision in 28 U.S.C. §2244(d)(2) did not apply. He also concluded petitioner was not entitled to equitable tolling. Noting that a *pro se* petitioner's ignorance of the law is generally not considered an extraordinary circumstance that warrants equitable tolling, the magistrate determined that petitioner had not "shown that an uncontrollable circumstance prevented his timely pursuit of [his habeas] claim before the limitation period expired in

_____

[1] *Petitioner's convictions became final when the ten day period under state law within which he could have moved to withdraw his guilty pleas had expired.*

[2] *In certain circumstances not applicable here, the limitation periods under AEDPA can run from other dates. See 28 U.S.C. §2244(d)(1)(B),(C).*

February 2005."  Doc. #9, p. 11.

Petitioner objects to the Report and Recommendation, asserting that the time for filing an appeal does not commence to run until the defendant has been advised of the right to appeal and has been provided effective assistance of counsel.  He also contends that a defendant is entitled to collaterally attack his sentence if his attorney's performance was constitutionally deficient and asserts that he did not waive his right to appeal.

Having conducted a *de novo* review of the timeliness issue, the court agrees with the magistrate judge's analysis and his conclusion that the petition is time-barred.  Petitioner did not file his federal habeas petition within one year from the date his state convictions became final and he is not entitled to statutory or equitable tolling.

The court recognizes that petitioner was a juvenile at the time he committed the crimes underlying the convictions he now seeks to challenge.  Nonetheless he has not made the showing required to obtain habeas relief.  While his attorney may have failed to advise him that the certification order was appealable, *see* Doc. #1, p. 12,  as the Oklahoma Court of Criminal Appeals ("OCCA") noted, "[w]hen Petitioner entered his guilty pleas and received sentence, he would have been told at that time that he had a right to appeal his convictions.  Petitioner, however, elected not to exercise that right of appeal, and he thereby waived any errors occurring in the course of his convictions."  Doc. #1, pp. 12-13.[3]

_____

[3]*The OCCA also noted that the District Court, in denying petitioner's post-conviction application, had concluded that "[p]etitioner had never advised his counsel or the trial court that he desired to appeal the certification order . . . ."  Doc. #1, p. 11.*

Equitable tolling of the one-year period may be granted, but it is appropriate "only in 'rare and exceptional circumstances.'" Sigala v. Bravo, 656 F.3d 1125, 1127 (10th Cir. 2011) (quoting York v. Galetka, 314 F.3d 522, 527 (10th Cir.2003)). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* at 1128 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). As the magistrate judge correctly concluded, even assuming petitioner has been diligently pursuing his federal claim, he has failed to show any extraordinary circumstances for his failure to comply with AEDPA's one year statute of limitations. "[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted). Petitioner "has not raised any convincing reason why [the court] should depart from this well established rule." *Id. See* Yang v. Archuleta, 525 F.3d 925, 929 (10th Cir. 2008) ("'Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.'") (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)).

Accordingly, the court adopts the Report and Recommendation of Magistrate Judge Goodwin. The petition for habeas relief is dismissed with prejudice as being untimely. The court also denies a certificate of appealability as it finds petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 18th day of August, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE